The Chancellor.
The will of Henry Woodburn is not set out at length in the bill, nor has it been made an exhibit in the cause by any of the parties. The complainants, however, admit that, by the will, Sarah Woodburn, the widow of Henry Woodburn, took only a life estate in the land and premises. This is undoubtedly so, if the clause of the will given in the bill is the only part of the will bearing upon that question. Henry Woodburn, at his death, left a widow, since deceased, and three children, Henry, aged six years, .Catharine, aged four years, and Jacob, aged six months, which children, with Tunis Case, the husband of Catharine, are the defendants in this suit.
Some years after the death of the testator, his widow, Sarah Woodburn, conveyed the premises in question to one Jacob C. Apgar, in trust for the benefit of her minor children, with power to dispose of and convey the same to the best advantage. On the first of April, 1831, Jacob C. Apgar sold and conveyed the premises to Minard Farley, for the sum of $200. The possession of the premises *97 has since followed this conveyance. After arriving at age, Catharine and Jacob conveyed their interest in the land to their brother, Henry Woodburn. The bill alleges that, after the defendants came of age, Jacob C. Apgar paid them the consideration money he had received for the lan d, and that they accepted the same in payment. Henry Woodburn commenced an action of ejectment, and the complainants, who are the heirs at law of Minard Earley, filed this bill to enjoin Henry Woodburn from further prosecuting his suit. The bill prays that the defendants may be decreed to execute to the complainants good and sufficient releases and conveyances for the said land and premises, or, if more equitable, that they be decreed to refund and return to the complainants the several sums of money each has received in payment for the land. In considering the case, the testimony of Jacob C. Apgar must be laid out of view. He is not a competent witness. He gave to Earley a warranty deed for the land. He is liable upon that warranty, and must be excluded as a witness on account of interest.
As to Catharine and Jacob, there is no evidence that they, or either of them, after arriving at age, in any way assented to the sale of the land, or received any consideration for it. There is not the slightest ground for the court’s interfering with their interest in the land or making a decree against them.
As to William, he admits, in his answer, that several years after he was of age, in settlement of accounts between himself and Apgar, Apgar gave him a note of hand for §205, and that when he handed him the note, said to him, that this note included his share of the land. He says that no explanation was made to him as to the sale, or its terms; and that, at that or any other time, Apgar did not give any further explanation upon the subject. A balance on this note, more than equal to what William Washburn was entitled to for his interest in the land, still remains unpaid. Apgar is insolvent.
*98 The evidence makes no stronger case against William than this admission in Ms answer. The declarations lie is proved to have made amount to no more. The case, as it is made by the bill, is not a strong one, and the proofs taken, fall very far short of sustaining the bill.
The bill must be dismissed with costs.